**In re Cornelius Elmer LEE and Gladys Thelma Lee, Debtors.**

**Bankruptcy No. 94–46055–399.**

United States Bankruptcy Court, E.D. Missouri, Eastern Division.

March 24, 1995.

T.J. Mullin, Clayton, MO, for debtors.

John V. LaBarge, Jr., Chapter 13 Trustee, St. Louis, MO.

## ORDER

BARRY S. SCHERMER, Chief Judge.

This case came before the Court on the confirmation of the Second amended Chapter 13 Bankruptcy Plan of Cornelius and Gladys Lee, ("Debtors"). At the confirmation hearing, the Chapter 13 Trustee, John V. LaBarge, Jr. ("Trustee"), raised an Objection to the Plan in that the Debtors' claimed exemptions under 11 U.S.C. § 522(d) rather than under Missouri state law.

The Bankruptcy Code [1] permits each state to opt out of the federal exemptions listed in § 522(d). Section 522(b)(1) permits the exemption of property listed in § 522(d) "unless State law ... does not so authorize". Missouri, like a majority of states in this country, chose to opt out.[2] Section 513.427 V.A.M.S. reads:

> Every person, by or against whom an order is sought for relief under Title 11, United States Code, shall be permitted to exempt from property of the estate any property that is exempt from attachment and execution under the law of the state of Missouri or under federal law, other than Title 11, United States Code, Section 522(d), and no such person is authorized to claim as exempt the property that is specified under Title 11, United States Code, Section 522(d).
>
> Section 513.427 became effective August 13, 1982.

The Debtors argue that the Bankruptcy Reform Act of 1994 changes their ability to claim exemptions in bankruptcy.[3] They argue that because of the changes made to § 522(d), the Missouri legislature must re-opt out. Section 513.427, V.A.M.S., the Debtors contend, applies to § 522(d) as it existed on August 13, 1982. Because § 522(d) has changed substantially under the

1994 bankruptcy amendments, the Missouri legislature must reconsider the issue and decide anew whether to opt out.

The Court is not persuaded by the Debtors' argument. Section 522(b) contains the language permitting a state to opt out of the federal exemptions. The recent bankruptcy amendments to § 522 do not apply to this subsection. Since the opt out provision of § 522(b) was not changed by the 1994 amendments it remains valid law and the Missouri legislature's decision in 1982 to opt out endures. Debtors are correct in pointing out that § 522(d) has changed substantially, but it is equally clear from the 1994 amendments that Congress intended § 522(b) to remain unchanged. Missouri has taken advantage of its right to deny its citizens federal § 522(d) exemptions. The opportunity to use these federal exemptions does not rest upon their attractiveness.

It is clear that the Missouri legislature intended to substitute its own exemption scheme for the federal exemptions. The language of the statute is clear: "no such person is authorized to claim as exempt the property that is specified under Title 11, United States Code, Section 522(d)." This Court is not willing to defeat the intent or add terms to the Missouri law. There is no evidence that Missouri intends to repeal the law and this Court declines the invitation to do so.

For these reasons, it is

ORDERED that the Trustee's Objection to the Debtors' Second Amended Chapter 13 Plan is Sustained;

IT IS FURTHER ORDERED that the Debtors shall be granted 30 days from the date of this Order to file a Third Amended Chapter 13 Plan.

---

1. 11 U.S.C. §§ 101–1330, all references are to Title 11 unless otherwise noted.

2. Thirty six (36) states have elected to opt out of the federal exemptions set forth in section 522(d) of the Code.

3. The Bankruptcy Reform Act of 1994, contained four sections dealing specifically with § 522(d). The sections in the amendments are as follows: § 108 (dollar adjustments), § 304 (child support), § 310 (tools of the trade), § 501 (technical corrections).